## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE COMPANY<br>a/s/o FELIX AND EVELYN TORRES | : <br> : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| PHILADELPHIA HOUSING AUTHORITY | : | NO. 19-1354 |

### MEMORANDUM OPINION

**Savage, J.**                                                                                               **July 11, 2019**

Plaintiff Allstate Vehicle and Property Insurance Company filed this subrogation action against defendant Philadelphia Housing Authority ("PHA") for damages sustained to its insured's home caused by a fire that originated in an adjacent vacant building owned by the PHA. Moving to dismiss the complaint, the PHA argues that, as a Commonwealth agency, it is entitled to immunity under the Pennsylvania Sovereign Immunity Act, 42 Pa.C.S. § 8521. Allstate admits that the PHA is a Commonwealth agency, but contends that the real estate exception, 42 Pa.C.S. § 8522(b)(4), applies, exposing the PHA to liability for the damage to the Torres property.

Because the fire was caused by a trespasser and not by an artificial condition or a defect of the PHA's real estate, the exception does not apply. Therefore, we shall grant the motion.

### Factual Background

On January 14, 2018, a fire occurred at 1420 North 7th Street, in Philadelphia, Pennsylvania, a vacant property owned by the PHA.[1] The fire spread to the adjacent

---

[1] Am. Compl. ¶¶ 5, 24-25 (ECF No. 9).

property owned by Allstate's insured, Felix Torres[2], causing substantial damage.[3] Allstate provided a homeowner's insurance policy covering the loss.[4] Allstate, as subrogee of Mr. Torres, brought this action against the PHA to recover payments made.[5]

In its amended complaint, Allstate alleges that the PHA property had been vacant and abandoned since 2005, allowing vagrants to squat there.[6] This "open and dangerous condition" was notorious and the subject of numerous complaints to the City.[7] Allstate alleges the PHA allowed the property to deteriorate over the years.[8] It was stripped of copper pipes and wiring.[9] It was "dangerous, unsecure, and unstable."[10]

In 2012, the Department of Licensing and Inspections ("L&I") issued a violation under Philadelphia Property Maintenance Code 302.2/4, for failure to clean and maintain the lot.[11] In 2015, L&I issued three violations, declaring the building an "Unsafe Structure" under Philadelphia Property Maintenance Code 108.1.1 and ordering demolition.[12]

---

[2] *Id.* ¶¶ 3, 24-25. Although the complaint is brought by Allstate as subrogee of both Felix and Evelyn Torres, the insurance policy is in only Felix Torres's name. *See* Am. Comp. ¶¶ 3, 9.

[3] *Id.* ¶¶ 3, 24-26.

[4] *Id.* ¶¶ 3, 26.

[5] *Id.*

[6] *Id.* ¶¶ 10-11.

[7] *Id.* ¶¶ 11-16, 19-21.

[8] *Id.* ¶¶ 12-13.

[9] *Id.* ¶ 13.

[10] *Id.* ¶ 18.

[11] *Id.* ¶ 19; Am. Compl. Ex. A (ECF No. 9-1).

[12] Am. Compl. ¶ 20, Am. Compl. Ex. B (ECF No. 9-2). Under the Philadelphia Property Maintenance Code 108.1.1, an "unsafe structure" is defined as "one that is found to be dangerous to the life, health, property, or safety of the public or the occupants of the structure by not providing minimum safeguards to protect or warn occupants in the event of fire, or because such structure contains unsafe

Instead of demolishing the property, the PHA allowed it to deteriorate.[13] On May 30, 2017, L&I issued a violation for failing to register the property as vacant.[14] Despite the order to demolish the property and cure the violations, the PHA did nothing.[15]

On January 14, 2018, a fire started in the kitchen area of the property. According to the amended complaint, the "Fire Marshal opined that the fire was caused by a vagrant who had been known to stay freely" at the property.[16]

Asserting a negligence claim, Allstate alleges that had the original property been safe and secure or properly demolished, the fire would not have occurred.[17] Allstate also avers that the Philadelphia Property Maintenance Code required the PHA to fasten windows and doors and keep them in good repair.[18] Additionally, it claims the PHA had notice that the property was unsafe, unstable, and unsecure to trespassers, and the PHA had a duty to repair property that presented a risk to neighboring properties.[19]

**Discussion**

Although immunity is an affirmative defense, a complaint may be dismissed pursuant to a 12(b)(6) motion when the affirmative defense appears on its face. *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001); *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859

---

equipment or is so damaged, decayed, dilapidated, structurally unsafe or of such faulty construction or unstable foundation, that partial or complete collapse is possible."

[13] Am. Compl. ¶ 23.

[14] *Id.* ¶ 21.

[15] *Id.* ¶¶ 20-23.

[16] *Id.* ¶ 24.

[17] *Id.* ¶¶ 25, 28-33.

[18] *Id.* ¶ 30.

[19] *Id.* ¶¶ 30, 32.

3

(3d Cir. 1994); *see also* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004). Immunity "'will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint.'" *Leveto*, 258 F.3d at 161 (citing *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998); *Santamorena v. Georgia Military College*, 147 F.3d 1337, 1340 (11th Cir. 1998)). Thus, we may not consider facts beyond those alleged in the complaint.

The Pennsylvania Sovereign Immunity Act granted the Commonwealth and its agencies[20] immunity from tort liability. 42 Pa.C.S. § 8521. At the same time, it created nine exceptions to immunity, imposing liability against local agencies in certain enumerated circumstances. 42 Pa.C.S. § 8522(b). At issue here is the real estate exception. 42 Pa.C.S. § 8522(b)(4). As are all exceptions, it is narrowly interpreted. *Jones v. SEPTA*, 772 A.2d 435, 440 (Pa. 2001); *Mascaro v. Youth Study Center*, 523

---

[20] The PHA is considered a Commonwealth agency for the purposes of the immunity provisions of 42 Pa.C.S. § 8521. *See City of Phila. v. Lead Indus. Ass'n, Inc.*, 994 F.2d 112, 119 (3d Cir. 1993); *Irish v. Lehigh Cty Hous. Auth.*, 751 A.2d 1201 (Pa. Commw. Ct. 2000); *Byard v. Phila. Hous. Auth.*, 629 A.2d 283 (Pa. Commw. Ct. 1993); *Battle v. Phila. Hous. Auth.*, 594 A.2d 769, 771 (Pa. Super. Ct. 1991); *Crosby v. Kotch*, 580 A.2d 1191 (Pa. Commw. Ct. 1990); *Al-Athariyyah v. Wilkes-Barre Hous. Auth.*, 2009 WL 9102291, at *4 (Pa. Commw. Ct. Dec. 22, 2009); *Pasour v. Phila. Hous. Auth.*, No. 13-2258, 2013 WL 4014514, at *6 (E.D. Pa. Aug. 7, 2013); *Thomas v. Phila. Hous. Auth.*, No. 11-0224, 2011 WL 3862245, at *6 (E.D. Pa. Aug. 30, 2011); *Walker v. Phila. Hous. Auth.*, No. 08-5592, 2009 WL 3055389, at *3 (E.D. Pa. Sept. 24, 2009); *Easley v. Phila. Hous. Auth.*, No. 99-4329, 2000 WL 1100868, at *3 (E.D. Pa. Aug. 2, 2000).

Some courts have concluded that the PHA is a local governmental agency and not a Commonwealth agency, but not in the context of sovereign immunity under 42 Pa.C.S. § 8521. *See, e.g., James J. Gory Mech. Contracting, Inc. v. Phila. Hous. Auth.*, 855 A.2d 669, 678-79 (Pa. 2004) (finding PHA a local agency for jurisdictional purposes); *Swift v. McKeesport Hous. Auth.*, No. 08-0275, 2009 WL 3856304, at *7 (W.D. Pa. Nov. 17, 2009) (holding the local housing authority as a municipality to be a local governmental agency and therefore not entitled to Eleventh Amendment immunity from suit in federal court).

Whether the PHA is a Commonwealth agency under the Sovereign Immunity Act or a local agency under the Political Subdivisions Tort Claims Act is a distinction without a difference in this case. Both Acts have similar real estate exceptions. *Williams v. Phila. Hous. Auth.*, 873 A.2d 81, 85-86 & n.9 (Pa. Commw. Ct. 2005); *see also* 42 Pa.C.S. §§ 8522(b)(4), 8542(b)(3).

A.2d 1118, 1123 (Pa. 1987); *Kiley by Kiley v. City of Philadelphia*, 645 A.2d 184, 186 (Pa. 1994).

Under the real estate exception, a Commonwealth agency may be liable for injury caused by "a dangerous condition of Commonwealth agency real estate" which causes injury. 42 Pa.C.S. §8522(b)(4). A plaintiff "must allege that the dangerous condition derived, originated or had as its source the Commonwealth realty itself, if it is to fall within the Sovereign Immunity Act's real estate exception." *Jones v. SEPTA*, 772 A.2d at 443 (internal citations omitted). "In other words, . . . the Commonwealth may not raise the defense of sovereign immunity when a plaintiff alleges, for example, that a substance or an object on Commonwealth realty was the result of a defect in the property or in its construction, maintenance, repair or design." *Id.* at 443-44.

A plaintiff seeking to invoke the exception must establish that (1) he could, absent immunity, recover damages from the person who caused the injury; and (2) the injury was caused by the agency's negligence, rendering the property unsafe for its intended use and creating a dangerous condition or defect in the real estate which causes the injury. *Snyder v. Harmon*, 562 A.2d 307, 312 (Pa. 1989); *Williams v. Phila. Hous. Auth.*, 873 A.2d at 85-86; *Mascaro*, 523 A.2d at 1123.

As to the first requirement, Allstate has stated a cause of action against PHA for negligence in allowing its property to fall into a state of disrepair, rendering it unsafe and dangerous. *See* Sections 364 and 448 of the Restatement of Torts (Second). Pennsylvania courts have consistently "held landowners liable for failing to take precautions against unreasonable risks that stem directly or indirectly from the property including the contemplated acts of third parties, whose crimes are facilitated by the

condition of the property." *Mascaro*, 523 A.2d at 1122 (collecting cases).

Allstate alleges that the fire was caused by a vagrant who was known to squat in the PHA's dilapidated and unsecured property.[21] Despite numerous citations for City Code violations and orders to secure the property, PHA did nothing to prevent others from entering the property.[22] PHA's failure to secure the property increased the risk of a squatter causing a fire on the property.[23]

As alleged in the complaint, PHA was negligent in permitting its property to fall into disrepair, creating an unreasonable risk to the adjacent property, specifically the predictable acts of a third party. Therefore, Allstate has stated a cause of action maintainable at common law against PHA absent its having immunity.

Allstate has not satisfied the second requirement. The amended complaint avers that the fire was caused by a trespasser, and it does not link the cause of the fire to any act or failure to act on PHA's part. Allstate alleges that the fire originated in the PHA property. It avers that the fire was caused by a vagrant in the kitchen area. It does not describe how the fire started or what the vagrant did.

The allegations, viewed in the light most favorable to Allstate, do not satisfy the real estate exception. As the PHA correctly argues, the fire did not derive, originate, or have as its source the PHA-owned real estate itself.[24] *See Jones*, 772 A.2d at 443-44. Instead, it is alleged that the independent actions of a squatter caused the fire and the

---

[21] Pl.'s Opp'n at 2 (ECF No. 16-1).

[22] *Id.* at 2-3.

[23] *Id.* at 3-4.

[24] Def.'s Mem. in Supp. of Mot. to Dismiss at 4-5 (ECF No. 10).

6

subsequent harm.[25]

In *Mascaro*, the Pennsylvania Supreme Court reasoned that the legislature "clearly precluded the imposition of liability on itself or its local agencies for the acts of third parties by its language of § 8541, . . . and that it has not seen fit to waive immunity for these actors or their acts in any of the eight exceptions." 523 A.2d at 1124. It considered its reasoning as "consistent with the general rule that the criminal and negligent acts of third parties are superseding causes which absolve the original actor . . . of the harm caused by such third parties." *Id.*

The Pennsylvania Supreme Court, in *Jones*, concluded that the legislature's clear and "unambiguous language of section 8522(b)" limited the real estate exception to "a dangerous condition [that] must derive, originate from or have as its source the Commonwealth realty." *Jones*, 772 A.2d at 441 (citing *Snyder*, 562 A.2d 307. The PHA could not successfully raise the defense if, for example, Allstate had alleged "that a substance or an object on Commonwealth realty was the result of a defect in the property or in its construction, maintenance, repair or design." *Id.*

That is not what is alleged. PHA's failure to act—including its failure to secure the property—did not cause the fire. Nor did any substance, object, or defect in the property construction, maintenance, repair, or design. Rather, the amended complaint avers that the fire was caused by a trespasser and does not link the origin of the fire to any act or failure to act on PHA's part.

At most, Allstate claims that the condition of PHA's property facilitated the damage caused by the trespasser. The acts of a third party, rather than the agency, causing harm

---

[25] *Id.* at 7-8; Am. Compl. ¶ 24.

7

do not subject the agency to liability. *Mascaro*, 523 A.2d at 1124. The real estate exception applies "only where it is alleged that 'the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability.'" *Brewington for Brewington v. City of Phila.*, 199 A.3d 348, 360 (Pa. 2018) (quoting *Mascaro*, 523 A.2d at 1124). To invoke the real estate exception, a plaintiff must allege that the condition or defect on the property caused the injury, not just facilitated it by the act of another. *Mascaro*, 523 A.2d at 1124; *Dean v. Dep't of Transp.*, 751 A.2d 1130, 1134 (Pa. 2000)). Allstate has not done so.

**Leave to Amend**

Leave to amend should be freely given. Fed. R. Civ. P. 15(a)(2). Leave ordinarily should be granted absent a substantial reason to deny. *Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 116 (3d Cir. 2003); *Shane v. Fauver*, 213 F.3d 113, 115-17 (3d Cir. 2000). We cannot conclude at this stage that amendment would be futile.[26] Therefore, Allstate may, if it can plausibly state a claim within the real estate exception, file a second amended complaint.

---

[26] The Fire Marshal's report was submitted as an exhibit to Allstate's opposition to the PHA's motion. *See* Fire Marshal's Report at 1-3, Ex. A to Pl.'s Opp'n to Def.'s Mot. to Dismiss (ECF No. 16-2). It was not attached to the amended complaint. Thus, we do not consider it in ruling on the motion to dismiss.

The report noted that the property was "squatter occupied" and "PHA housing." Additionally, the Fire Marshal's investigation revealed that a squatter named Mary lived there and was present on the night of the fire. A neighbor reported that Mary had requested a bucket of water from him and returned to the property. The neighbor also stated that when the Philadelphia Fire Department arrived 20 minutes later, Mary was no longer at the scene. The Fire Marshal remarked that he was "unable to conduct a full investigation due to structural collapse." He ultimately ruled the cause of the fire was "undetermined."

Even though we do not consider the contents of the report, we reference it here to show how it bears on futility. Unless Allstate has information beyond the report, it cannot state a claim based on the real estate exception.

**Conclusion**

Allstate has not alleged that the PHA's real estate caused the fire that damaged its insured's property.  Hence, the PHA is immune from liability.